### CHICAGO & N. W. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. August 6, 1915.)

No. 2221.

MASTER AND SERVANT ☞13—HOURS OF SERVICE ACT—TOWERMAN TELEPHONING ORDERS—"TOWERMEN."

"Towermen," whose principal duty it is to operate switch levers, but who habitually telephone orders pertaining to train movement, are within the proviso of Hours of Service Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (Comp. St. 1913, § 8678), limiting the hours of service of "operators, train dispatchers, and other employés," who transmit orders pertaining to train movement.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ☞13.

Hours of service of employés, see note to United States v. Houston Belt & T. Ry. Co., 125 C. C. A. 485.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Action by the United States against the Chicago & Northwestern Railway to recover penalties under the Hours of Service Act. From a judgment for the United States, defendant brings error. Affirmed.

Charles A. Vilas, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., and Philip J. Doherty, of Washington, D. C., for the United States.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge. The facts in this case differ but little from those in C., R. I. & P. Ry. Co. v. United States (No. 2228) 226 Fed. 27, —— C. C. A. ——, just decided, and are practically identical with those in United States v. Houston, B. & T. Ry. Co., 205 Fed. 344, 125 C. C. A. 481 (C. C. A., 5th Circuit). The employés in question are towermen, whose principal duty is to operate the levers. The communications by telephone were concededly orders pertaining to train movements, though not technically train orders.

For the reasons stated in C., R. I. & P. Ry. Co. v. U. S., the judgment is affirmed.