CHICAGO & A. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 12, 1917.)

No. 2447.

MASTER AND SERVANT ⬡�top13—HOURS OF SERVICE—SWITCH TENDERS—TELEPHONE ORDERS.

Switch tenders, who regularly conduct the movements of the trains in and through a yard, receiving the yardmaster's telephone orders in their shanties, and executing them by transmitting them verbally or by signal to the engine or train crews, and by manipulating switches, are within the proviso of Hours of Service Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (Comp. St. 1916, § 8678), § 2, limiting to nine hours the service of an employé who by use of the telephone receives orders pertaining to or affecting train movements.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action by the United States against the Chicago & Alton Railroad Company. Judgment for the United States, and defendant brings error. Affirmed.

William L. Patton, of Springfield, Ill., for plaintiff in error.
Philip J. Doherty, of Washington, D. C., for the United States.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. The action was for violation of the Hours of Service Act of March 4, 1907. The facts were stipulated, and the question here is whether the 16-hour limit applies, or the 9-hour limit of the proviso, which is applicable to "operator, train dispatcher, or other employé who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements." Section 2 (Comp. St. 1916, § 8678).

The employés involved are the so-called switch tenders in defendant's 7¾-mile long Bloomington-Normal yard, who conduct the movement in and through that yard of all of defendant's trains, passenger and freight, and who were working 12 consecutive hours without emergency necessitating service beyond 9 hours. The train dispatchers and operators who direct the movement of the trains elsewhere on the road outside of the yard limit have no function within it. There in the yardmaster has the general direction of all train movements; his orders being communicated to and executed by his subordinates, the switch tenders, who are stationed at various switch shanties within the yard, each switch tender having special charge of certain switches in the immediate vicinity of his particular shanty, and the service being continuous night and day. The orders for the movement of the trains are transmitted by the yardmaster from his central office by tele-

phone to the various switch shanties, where the switch tenders, at phones therein, receive them, and execute them by transmitting them verbally or by signal to the engine or train crews, and by manipulating the switches, so that trains may take their proper tracks without coming in contact with each other or with the various switch engines and cars being switched and moved thereabout. Defendant had a rule requiring trains passing through the yard to reduce speed and proceed only after the way is seen or known to be clear. This use of the telephones by the switch tenders in connection with the movement of the trains was not occasional or exceptional, but was part of their general and usual duties; each train movement so communicated to the crews, or participated in by the switch tender, being preceded by his reception of a telephoned order directing it.

Our decision of August 6, 1915, in Chicago, Rock Island & Pacific Ry. Co. v. United States, reported in 226 Fed. 27, 141 C. C. A. 135, and followed by us in Chicago & Northwestern Ry. Co. v. United States, 226 Fed. 30, 141 C. C. A. 138, is against the proposition, advanced for plaintiff in error, that the 16-hour limit, and not the 9-hour limit, applies; and upon the authority of those cases the judgment of the District Court must be and is affirmed.